## HARRIS v. DAVIS.

No. 14561—Opinion Filed Dec. 11, 1923.

Rehearing Denied Jan. 15, 1924.

**1. Appeal and Error—Right to Complain—Directed Verdict.**

Where the trial court directs a verdict in favor of the plaintiff and against the defendant, for the least amount for which a verdict could be returned, based upon the pleading and the evidence offered by defendant, no prejudice results therefrom to the defendant, and he cannot be heard to complain because of such direction.

**2. Same—Affirmance.**

Record examined, and held, that there is no error appearing therein prejudicial to the plaintiff in error, and that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by W. I. Davis against E. L. Harris for damages for failure to perform

a contract entered into between the parties. Judgment for plaintiff, and defendant appeals. Affirmed.

E. L. Harris, for plaintiff in error.

C. Guy Cutlip and Thos. J. Horsley, for defendant in error.

Opinion by SHACKELFORD, C. For convenience we will refer to the parties as plaintiff and defendant, as they appeared in the trial court.

The plaintiff commenced this action in the district court of Seminole county by filing his petition therein on the 8th of April, 1921. He alleges, in substance and effect, that the defendant breached a certain contract in which the defendant agreed that he would clear up the title to a certain tract of land, and then convey the said land to plaintiff, on condition that plaintiff pay him the sum of $400, which amount the plaintiff paid at the time of making the agreement. That defendant cleared up the title, and afterwards deeded the land to D. J. Turner, receiving therefor the sum of $4,000. That the defendant expended the sum of $1,600 in clearing the title, and that plaintiff was entitled to the profit made, or the sum of $2,400, for which he prayed judgment. A memorandum of agreement was signed by the defendant, receipting plaintiff for the $400. A copy of the memorandum is attached to the plaintiff's petition and made a part thereof.

Defendant filed answer and cross-petition. He admitted the execution of the memorandum of agreement on which plaintiff relied, not alleged that by subsequent agreement the agreement on which plaintiff relied had been rescinded and abandoned. By way of cross-petition he alleged that plaintiff was indebted to him in the sum of $775, and prayed judgment for the said sum. Motion was made to require the defendant to make a more definite and certain statement, which was in part sustained. Thereafter the defendant filed an amended answer in which he denied the allegations of the petition not expressly admitted; and for affirmative defense alleged a rescission and cancellation of the agreement upon which the plaintiff relied. Demurrer to the answer being overruled, the plaintiff replied denying the allegations of new matter.

The cause was tried upon the plaintiff's petition, the amended answer of the defendant, and plaintiff's reply thereto.

A jury was empanelled and the testimony of both plaintiff and defendant taken, and the court took the matter in hand and directed a verdict for the plaintiff for the sum of $400 against the defendant. The defendant appeals and assigns the action of the court in directing a verdict as error.

The evidence on the part of the plaintiff tended to support the allegations of his petition that he had delivered the $400 to defendant and that defendant had signed the agreement introduced in evidence; that the defendant had agreed for the said sum to clear up the title to the land described in the memorandum, and then deed the said land to the plaintiff, but that defendant had breached the contract, in that after having cleared up the title to the said land the defendant sold the same to another party for $4,000; and that defendant had been at an expense of around $1,600; but had never in any manner complied with the agreement, and plaintiff had been damaged in an amount equal to the profit made in the sale of the land, estimated at $2,400. The evidence offered on the part of the defendant tended to show that while he had entered into the agreement on which plaintiff relied, by a subsequent oral agreement between himself and plaintiff it was agreed that when the defendant should get the title cleared up, if he should be able to sell for $3,000, he was to return the plaintiff his $400; but if he should sell the land for $4,000, then he should pay plaintiff $800. His testimony tended to show that after clearing the title he sold the land for $3,000. The plaintiff admitted there had been some talk between them that he was willing to settle for double his money, or the sum of $800. The trial court accepted the defendant's evidence that a new agreement had been made, and that the land had been sold for $3,000, and thereupon directed a verdict for the plaintiff in the sum of $400.

The action of the trial court in directing a verdict for plaintiff for the sum of $400 against defendant was not prejudicial to the defendant. Based upon his answer and his own evidence, the verdict should have been for no less than $400; but might have been more, all depending upon what the jury found the land was sold for. The plaintiff was perhaps prejudiced by the direction, and had a right to complain, but has not done so.

We have examined the record and carefully read and considered the briefs on file, and have concluded that there is no error prejudicial to the rights of the defendant appearing therein.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.